United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50895
Summary Calendar

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

CORY TYRONE ROBINSON, also known as Cedrick Lawarren Robinson,
true name Cory Tyrone Robinson, Sr.

                    Defendant - Appellant

                    --------------------
          Appeal from the United States District Court
               for the Western District of Texas
                    USDC No. 6:06-CR-5-2
                    --------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Cory Tyrone Robinson appeals his conviction and 130-month
sentence for aiding and abetting possession with intent to
distribute cocaine.  Robinson contends that the district court
erred by including as relevant conduct a quantity of Ecstasy
seized from his co-defendant's vehicle.  He also asserts that the
evidence was insufficient to support the jury's verdict.

    In addition to holding a defendant responsible for those

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drugs with which the defendant is directly involved, the district court may attribute a drug quantity to the defendant as relevant conduct. See United States v. Puig-Infante, 19 F.3d 929, 942 (5th Cir. 1994). Relevant conduct includes all acts or omissions committed, aided, or abetted by the defendant, and in the case of a joint criminal enterprise, "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1).

Robinson concedes that the sale of drugs other than cocaine by his co-defendant was reasonably foreseeable. A review of the trial evidence and the information in the presentence report (PSR) reveals that Ecstasy was present in the co-defendant's residence and vehicle, that Robinson was seen at the co-defendant's residence almost every day, and that Robinson and the co-defendant used each other's vehicles. Robinson did not present evidence to rebut the information in the PSR, and the district court was entitled to rely on it. See United States v. Betancourt, 422 F.3d 240, 246, 248 (5th Cir. 2005). Robinson has not shown that the district court's finding was clearly erroneous. See United States v. Johnston, 127 F.3d 380, 403 (5th Cir. 1997).

Robinson contends that the Government did not produce evidence that established his association with his co-defendant prior to the day of Robinson's arrest and that the evidence did not implicate him directly in the distribution of cocaine.

Because Robinson did not move for a judgment of acquittal at the close of the evidence, our review is limited to determining whether there has been a "manifest miscarriage of justice," which occurs only when the record is devoid of evidence of guilt or when the evidence on a key element of the offense is so tenuous that a conviction would be shocking.  See United States v. Smith, 203 F.3d 884, 887 (5th Cir. 2000).

The evidence demonstrated that cocaine was confiscated from Robinson's co-defendant's vehicle and apartment, that Robinson was seen going to the apartment on an almost daily basis, and that Robinson entered the apartment without knocking.  After viewing the record evidence in the light most favorable to the Government and giving the verdict the benefit of all reasonable inferences and credibility determinations, we conclude that the record is not devoid of evidence nor is Robinson's conviction shocking.  See id.  Accordingly, the judgment of the district court is AFFIRMED.